**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0825, In the Matter of Edward Kissell, Jr. and Martha Kissell, the court on March 16, 2016, issued the following order:**

Having considered the brief, memorandum of law, reply brief, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The respondent, Martha Mullen Kissell (wife), appeals a final decree of the Circuit Court (Geiger, M., approved by Kelly, J.) in her divorce from the petitioner, Edward J. Kissell, Jr. (husband), raising numerous challenges to the court's decree.

The trial court granted the parties a divorce based upon irreconcilable differences and awarded the husband primary residential responsibility and sole decision-making responsibility for the parties' children. The court denied the wife's request for alimony based upon findings that the husband does not have the ability to pay alimony and that the wife is able to support herself. The court ordered the wife to pay $50 in child support per month, to be deducted from the husband's temporary alimony arrearage until the arrearage is paid. The court awarded the husband one of the two apartment buildings he owned prior to the marriage, but otherwise divided the marital estate approximately equally. The court divided the husband's pension according to the Hodgins formula. See Hodgins v. Hodgins, 126 N.H. 711, 715-16 (1985) (superseded on other grounds by RSA 458:16-a, I (2004)).

As the appealing party, the wife has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned decree, the wife's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the wife has not demonstrated reversible error. See id.

The wife also asserts that the marital master demonstrated bias against her. Based upon our review of the record, we conclude that no reasonable person would have questioned the master's impartiality and that no factors

were present that would have <u>per</u> <u>se</u> disqualified the master from participating in this case.  <u>See</u> <u>State v. Bader</u>, 148 N.H. 265, 268-71 (2002).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**